NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| PIOTR J. GARDIAS,<br><br>            Plaintiff,<br><br>  v.<br><br>SAN JOSE STATE UNIVERSITY,<br><br>            Defendant.<br>_____/ | No. C04-04086 HRL<br>Consolidated With:   C04-04768 HRL<br>                              C05-01242 HRL<br>                              C05-01833 HRL<br>                              C06-04695 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL HIRING DOCUMENTS**<br><br>**[Re: Docket No. 144]** |

This is a consolidated action for alleged employment discrimination filed pursuant to 42 U.S.C. § 2000e-5. Pro se plaintiff, Piotr Gardias, is employed by San Jose State University ("SJSU" or "University"). He claims that defendant (a) failed to promote him on the basis of his age and national origin; (b) retaliated against him for filing employment complaints; and (c) discriminated against him on the basis of an alleged disability. In the course of discovery, plaintiff requested the production of "Cover Letters, Applications for Employment, Application Summary Review – Employment Services, Committee Interview Evaluations and Applications Summar[ies]" for other SJSU employees and certain employment positions. (*See* Mot. to Compel., Docket No. 144).

Presently before this court is plaintiff's "Motion to Compel re Hiring Documents."

1  Plaintiff contends that defendant has produced some, but not all, of the documents he has
2  requested as to SJSU employees Scott Anderson and Chris Nordby. He apparently also seeks
3  an order compelling the production of his own employment application materials. Defendant
4  California State University[1] opposes the motion.

5  Because it appeared that the parties had not engaged in any meet-and-confer
6  negotiations as to the disputed documents, this court issued an Interim Order directing the
7  parties to
8  (a) promptly meet-and-confer and (b) file declarations identifying the specific issues that were
9  resolved and those that remained in dispute. Plaintiff's papers are not the model of clarity.
10 However, it seems that there are some lingering disputes as to defendant's document
11 production.

12 Upon consideration of the moving and responding papers, as well as the arguments
13 presented at the April 17, 2007 motion hearing, the court GRANTS plaintiff's motion to compel
14 IN PART and DENIES the motion IN PART as follows:

15 **A.  Scott Anderson**

16 Plaintiff seeks the production of Anderson's (1) job application for a Chief Engineer
17 position (Requisition No. 011353); and (2) documents (e.g., cover letters, employment
18 applications, and the like) for an "Associate Director, Energy Systems" position.

19 **1.  Chief Engineer Position**

20 With respect to Anderson's job application for Chief Engineer, defendant says that it has
21 produced Anderson's job application and cover letter, with Anderson's private information (i.e.,
22 the names and telephone numbers of Anderson's references and Anderson's starting and current
23 salary information) redacted. Plaintiff objects to the redactions that have been made.

24 Federal courts generally consider objections to discovery based on an asserted right of
25 privacy and balance the need for the information against the claimed privacy right. *See Ragge*
26 *v. MCA/Universal Studios*, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995). Here, plaintiff has not

27

---

28  [1] Defendant advises that it was erroneously sued as "San Jose State University."

shown that the information that has been redacted from Anderson's employment documents are relevant or reasonably calculated to lead to the discovery of admissible evidence as to his claims against SJSU. Accordingly, insofar as he seeks an order compelling SJSU to disclose this information, plaintiff's motion is DENIED.

Plaintiff further complains that defendant has not produced the requested "Application Summary," but has only produced Anderson's "Application Summary Review – Employment Services" – a document which plaintiff says he already has. Defendant says that it did not find an "Application Summary" in Anderson's records for this position. At the motion hearing, plaintiff clarified that the document he seeks may be located in his department, rather than in the University's human resources department. He will send an exemplar of the "Application Summary" to defense counsel for review. Defendant agrees to review the exemplar and to conduct a reasonable search for any such document for Anderson and the "Chief Engineer" position. Assuming such a document exists, defendant shall produce it to plaintiff **no later than April 27, 2007**. If no such document exists, defendant shall so confirm to plaintiff in writing.

### 2. "Associate Director, Energy Systems"

As for the requested documents pertaining to an "Associate Director, Energy Systems" position, defendant says that Anderson remains in his Chief Engineer position. It says that there may be some confusion here because of temporary assignments performed by Anderson to assist Adam Bayer, who is the University's Director of Energy and Utility Systems. (*See* Cain-Simon Decl., ¶ 3). However, plaintiff points out that in its position statement to the EEOC, SJSU stated that "[t]he Associate Director, Energy Systems position was offered to Scott Anderson, who is currently Chief Engineer." (*See* attachment to Plaintiff's April 2, 2007 brief, San Jose State University Statement of Position, Charge No.556-2006-00182). Plaintiff also claims to have seen document(s) which identify Anderson as an "Associate Director."

At oral argument, defense counsel represented to the court that the EEOC position statement in question was written by Adriana Duffy-Horling, who was then SJSU's EEOC

compliance officer/investigator.[2]  According to defense counsel, Duffy-Horling erroneously accepted plaintiff's representation that Anderson had been offered the "Associate Director, Energy Systems" position.  As such, defendant says that its EEOC Position Statement is incorrect.  Defense counsel further states that the "Associate Director, Energy Systems" position (Requisition No. 012042) was, in fact, withdrawn during the application period and later re-opened under the title "Campus Engineer" (Requisition No. 012087) (*see* Cain-Simon Decl., ¶ 6) – a position which is now held by Simon Lee.  SJSU reiterates that no one was hired for the "Associate Director, Energy Systems" position.

Plaintiff disputes that the "Associate Director, Energy Systems" position was withdrawn.  He further asserts that Adam Bayer and an individual named Tony Valenzuela provided false information to SJSU about his qualifications and wrongfully denied him an interview for the "Associate Director, Energy Systems" position in 2005.  Even if plaintiff's assertions are true, it is not clear what other documents pertaining to Anderson are to be compelled.

Insofar as there appear to be no pertinent documents from Anderson pertaining to the "Associate Director, Energy Systems" position, plaintiff's motion is DENIED AS MOOT.

**B.    Chris Nordby – Chief Engineer Cogeneration Turbine Plant Operations**

Plaintiff seeks employment documents pertaining to Chris Nordby, who is SJSU's Chief Engineer for Cogeneration Turbine Plant Operations.  Defendant maintains that the information is irrelevant because it says that none of plaintiff's complaints in this consolidated lawsuit pertain to that position.  It also objects to the request insofar as it seeks Nordby's private information contained in his personnel file.  Nevertheless, defendant says that, in the spirit of cooperation, it has produced Nordby's job application, with redactions for Nordby's personal and confidential information.  (*See* Cain-Simon Decl., ¶ 5).  It explains that Nordby was recruited for this position and that the position was exempted from the "usual hiring process."

---

[2]    Defense counsel advises that Duffy-Horling has recently left her employment at SJSU.

4

1  (Opp. at 3:25). Defendant represents that no "application summary" for this position exists.

2  (*See id.*). Additionally, it states that there are no interview summaries.

3  Plaintiff now says that he wants the "job announcement" for the position of Chief
4  Engineer Cogeneration Turbine Plant Operation. In view of the representations that this
5  position was exempt from the "usual hiring process," it appears that there may be no "job
6  announcement." Nevertheless, insofar as defendant has endeavored to produce other documents
7  pertaining to Nordby and this position, it shall conduct a reasonable search for any responsive
8  "job announcement" as to this position. If any such document exists, it shall be produced to
9  plaintiff **no later than April 27, 2007**. If no such document exists, defendant shall so confirm
10 to plaintiff in writing.

11 **C.     Plaintiff's Job Application Materials**

12 Plaintiff seeks his own application materials for the "Associate Director, Energy
13 Systems" position. As discussed above, defendant claims that SJSU informed plaintiff (and
14 other applicants) that this particular position was withdrawn and later re-opened under the title
15 "Campus Engineer" (Requisition No. 012087). Defendant further claims that plaintiff's
16 application for the withdrawn position was used for the revised position. It says that although
17 plaintiff already has his application materials, it has produced another copy to him.

18 Plaintiff disputes that the "Associate Director, Energy Systems" position was
19 withdrawn; but it appears that defendant has produced plaintiff's application materials which
20 were submitted for that position. As such, there appear to be no further documents to compel,
21 and plaintiff's motion is DENIED AS MOOT.

22 **D.     Davis and Duffy-Horling Documents**

23 In his motion papers, plaintiff indicates that he seeks the notes of SJSU investigators,
24 Brad Davis[3] and Adriana Duffy-Horling. At the motion hearing, defendant represented that it
25 has produced Davis and Duffy-Horling documents which are relevant to the instant litigation. It

26
27

28     [3]     Defendant advises that Brad Davis previously was SJSU's EEOC compliance officer/investigator, but presently is employed by the University in a different position.

5

1  appears that there are no further documents to compel.  Accordingly, plaintiff's motion to
2  compel is DENIED AS MOOT.

**E.     Request for Sanctions**

In his April 2, 2007 brief, plaintiff made a passing request for monetary sanctions.  The request does not comply with Civil Local Rule 37-3.  In any event, based on the record presented, the court does not find that any sanctions are warranted.

IT IS SO ORDERED.

Dated:   April 17, 2007



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

1 | **A copy of this document will be mailed to**:

2 | Piotr J. Gardias
3 | 72 Floyd St.
San Jose, CA 95110

4 |   Pro Se Plaintiff

5 | Mary Susan Cain-Simon
California State Attorney General's Office
6 | 1515 Clay Street, 20th Floor
P. O. Box 70550
7 | Oakland, CA 94612-0550

8 |   Counsel for Defendant

9 | Dated: 4/17/07       /s/
           Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California