United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PIOTR J. GARDIAS,

    Plaintiff,

  v.

SAN JOSE STATE UNIVERSITY,

    Defendant.

No. C04-04086 HRL

Consolidated With:  C04-04768 HRL
                         C05-01242 HRL
                         C05-01833 HRL
                         C06-04695 HRL

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL**

**[Docket Nos. 172, 173]**

On May 22, 2007, this court heard plaintiff's "Motion to Compel re Verification Signed on 12/21/2006" and "Motion to Compel re Discovery Disagreement." Defendant opposed the motions. Upon consideration of the papers filed by the parties, as well as the arguments presented at the motion hearings, this court grants the motions in part and denies the motions in part.

**A.**     <u>**Plaintiff's "Motion to Compel re Verification Signed on 12/21/2006"**</u>

**1.**     **Defendant's Verification re Interrogatories**

Adriana Duffy-Horling, defendant's (now former) employee, executed an omnibus verification for its responses to plaintiff's interrogatories and requests for admission. Plaintiff complains that the verification is defective as to his First, Second and Fourth sets of

1  interrogatories because it was not made "under oath" as required by Fed.R.Civ.P. 33. Indeed,
2  Duffy-Horling's verification is an unsworn statement of what she says she believes.
3  Accordingly, plaintiff's motion on this issue is granted. **No later than June 5, 2007**, defendant
4  shall serve a verification made under oath – either through a declaration made under penalty of
5  perjury or through a statement sworn before a notary – for its interrogatory responses.

**2.    Investigation Notes**

There was some discussion at the motion hearing about defendant's production of investigation notes from Duffy-Horling. Defendant stated that it has produced all such documents that it has located. Plaintiff acknowledges that he has received documents; however, he expresses concern that there is nothing in them about his "last case." Defendant indicates that after diligent inquiry and reasonable search, there are no such documents. As discussed at oral argument, **no later than June 5, 2007**, defendant shall provide a declaration under penalty of perjury from Duffy-Horling so attesting.

**3.    Deemed Admissions**

Plaintiff seeks a ruling from the court that the matters which are the subject of his "First Request for Admissions Federal Rule of Civil Procedure" be deemed admitted. Defendant argues that these requests for admission were never served on defense counsel at her office. However, plaintiff has submitted what appears to be a proof of service showing that the requests at issue were served on defense counsel on or about September 6, 2006. Further, his papers indicate that defendant's responses were not served until sometime in November 2006. Thus, it seems that the matters were automatically deemed admitted under Rule 36 of the Federal Rules of Civil Procedure. *See* FED.R.CIV.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."). "Any matter admitted under this rule is conclusively

1 established unless the court on motion permits withdrawal or amendment of the admission."
2 FED.R.CIV.P. 36(b).

3 Insofar as plaintiff indicates that he is unwilling to accept any belated responses,
4 defendant has indicated that it will file a motion seeking relief from the court.

**B.    "Plaintiff's Motion to Compel re Discovery Disagreement"**

**1.    Request re Interrogatories**

In his motion, plaintiff requested an order permitting him to serve up to 125 interrogatories in the instant action. However, it is not apparent that there is a dispute to be resolved here. It is unclear how many interrogatories plaintiff has already served; and, defendant asserts that, to date, he may already have propounded over 125 interrogatories (plaintiff did not realize that discrete subparts count as separate interrogatories). Nonetheless, defendant says that it has endeavored to answer every interrogatory served by plaintiff. Although plaintiff made a request at the motion hearing for permission to serve up to 500 additional interrogatories, he also stated that he believes that interrogatories are "completely useless." His motion as to this issue is denied.

**2.    Discovery re Identity of Certain Individuals**

Plaintiff says that he has requested the identities of the following individuals:

(a) the CSU employee who reported to Scott Anderson that Gardias was away from his desk;

(b) the individuals who participated in the decision to "retain [Gardias] in the inspector position, place him in a classification more appropriate to his duties, and free up his former Maintenance Mechanic position for recruiting with a temporary appointment"; and

3

1       (c)    the individuals who prepared or signed the June 2, 2004 "Committee Interview

2               Evaluation" re plaintiff and the "Director, Energy and Utility Systems" position.

3    Plaintiff apparently did not serve formal discovery requests seeking this information.

4 Nevertheless, defendant agrees to treat them as interrogatories and to serve its answers within

5 two weeks. Accordingly, plaintiff's motion as to this issue is granted. Defendant shall provide

6 the requested identities to plaintiff no later than **June 5, 2007**.

7    IT IS SO ORDERED.

8 Dated: May 23, 2007

9                                     HOWARD R. LLOYD
                                    UNITED STATES MAGISTRATE JUDGE

1  A copy of this document will be mailed to:

2  Piotr J. Gardias
   72 Floyd Street
3  San Jose, CA 95110

4      Plaintiff (Pro Se)

5  Mary Susan Cain-Simon
   California State Attorney General's Office
6  1515 Clay Street, 20th Floor
   P. O. Box 70550
7  Oakland, CA 94612-0550

8      Counsel for Defendant

10 Dated: 5/23/07     _____/s/_____
                     Chambers of Magistrate Judge Lloyd

5