NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS, | No. C04-04086 HRL |
| Plaintiff, | Consolidated With:  C04-04768 HRL |
| v. | C05-01242 HRL |
| | C05-01833 HRL |
| | C06-04695 HRL |
| SAN JOSE STATE UNIVERSITY, | **ORDER RE PLAINTIFF'S MOTIONS RE DISCOVERY AND TRIAL** |
| Defendant. | [Docket Nos. 183-185, 190, 191 and 193] |

Plaintiff has filed a flurry of motions pertaining to discovery and trial in this action. Although he did not properly notice these motions for a hearing, the issues raised in each motion were discussed during a May 22, 2007 hearing before this court.[1] Plaintiff is again reminded that his motions must be filed in accordance with the court's Civil Local Rules (*see, e.g.,* Civil Local Rule 7). Upon consideration of the papers filed, as well as the discussion held with the parties, the court issues the following order.

---

[1] At that time, it was not clear that defendant had received all of the motions addressed in this order. Based on the discussion at the May 22, 2007 hearing, the court does not expect that defendant will have any objections as to the rulings being made here. Nevertheless, as discussed, defendant may, if it wishes, file a letter with the court stating any objections or concerns it may have.

**A.     Motion for Extension of Discovery (Docket No. 184)**

Plaintiff requests a three-month extension of the July 6, 2007 fact discovery cut-off. However, he has had ample opportunity to conduct the discovery that he says that he needs, and he has not demonstrated that he will be unable to complete all discovery within the time remaining. Nevertheless, the court will extend the fact discovery cutoff to **August 3, 2007**. All other pretrial deadlines and trial dates set in the January 10, 2007 Case Management Order remain the same.

**B.     Motion re Third Party Subpoenas (Docket No. 183)**

Plaintiff requests that the court issue subpoenas for the following individuals:

- Adriana Duffy-Horling;
- Alan Freeman;
- Dan Johnson;
- Javier Gonzales;
- Art Heinrich;
- Jim Zavagno; and
- Ferdinand Zmrzli

In his papers, plaintiff did not say who these individuals are or why he wishes to contact them. However, at the May 22, 2007 hearing, he indicated that they are all witnesses and former employees of San Jose State University. He apparently wishes to correspond with them about the instant action.

Generally, a party does not need a court order to subpoena witnesses. If plaintiff wishes to obtain documents or testimony from these individuals, he may obtain subpoena forms from the Clerk of the Court. *See* FED. R. CIV. P. 45(a)(3). (Plaintiff is responsible for filling in the required information and serving the subpoenas.) However, it was suggested that Alan Freeman may no longer be located in the United States. If so, plaintiff is advised that special rules and procedures may apply as to Mr. Freeman (or any other third party who is located outside this country). *See, e.g.,* 28 U.S.C. §§ 1781-1783. Additionally, if defense counsel is representing one or more of these individuals (and there was some indication at the motion hearing that this might be the case), plaintiff should send to defense counsel any requests for discovery he may wish to take of these individuals.

**C.     Motion re "Discovery and Trial" (Docket No. 185)**

On May 7, 2007, plaintiff filed a document entitled "Re Discovery and Trial," in which he appears to request orders:

(1)     deeming the matters set out in five sets of interrogatories admitted; and

(2)     giving him permission to file motions for judgment.

Plaintiff also says that he will not be able to participate in a trial that lasts more than one or two days.

Plaintiff's motion to deem his interrogatories "admitted" is denied.  As discussed at the May 22, 2007 hearing, it appears that plaintiff has been misusing interrogatories to seek admissions from defendant.  Interrogatories do not seek admissions.  Additionally, plaintiff has also been improperly directing his discovery to individual employees of defendant, rather than to defendant.  If plaintiff believes that defendant's responses to his interrogatories are inadequate, he may file with the court a motion to compel.  However, plaintiff is again reminded that before filing any motion with the court, he must engage in good faith meet-and-confer negotiations with defense counsel and attempt to reach an agreement on the issues.  *See* FED.R.CIV.P. 37(a)(2)(B); *see also* CIV. L. R. 37-1.

As for his request to file a motion for judgment, plaintiff does not need permission from the court to file a motion for judgment.  It seems that plaintiff is referring here to a motion for summary judgment.  Based on the discussion on May 22, 2007, however, it appears that he is still trying to gather evidence he believes he needs to prove his claims.  As such, the court suggests that he may wish to wait until he has obtained all of the evidence he believes he needs before filing any motions for judgment.

Assuming the instant action proceeds beyond summary judgment, any concerns as to the length of trial can be addressed at the final pretrial conference (currently set for February 5, 2008).

**D.     "Motion to Compel re Attorney-Client Privilege" (Docket No. 190)**

In this motion, plaintiff asserts that the parties have a disagreement "regarding the Attorney-Client Privilege."  This court rules on his various requests as follows:

3

1    Plaintiff requests an order dictating "that defendant will not be entitled to know the
2 content of plaintiff's conversation with witnesses." To the extent plaintiff is suggesting that the
3 attorney-client privilege be applied to his conversations with witnesses, he has misapprehended
4 the scope and purpose of that privilege. Further, he has not identified any privilege or
5 protection (and the court is aware of none) which would preclude defense counsel from
6 discovering the content of his conversations with witnesses. Plaintiff's request is denied.

7    Next, plaintiff seeks an order "that defendant be not entitled to speak regarding
8 plaintiff's case with management level employees without plaintiff's being present." Defendant
9 is not obliged to have plaintiff present during its discussions with its management-level
10 employees (or any other employee) about the instant action. Plaintiff's request is denied.

11    Further, plaintiff requests an order precluding defendant from speaking with Dan Cox
12 about the instant action. Plaintiff identifies Mr. Cox as his former supervisor who currently
13 holds a management-level position at the University. This court declines to issue an order
14 which would prevent defendant from speaking to its own employees about plaintiff's lawsuits.
15 Plaintiff's request is denied.

16    Finally, plaintiff asserts that he has kept notes of events that are pertinent to his claims
17 and requests permission to give or show his notes to witnesses. At the May 22, 2007 hearing,
18 he expressed a concern that witnesses may not remember events, some of which occurred
19 several years ago. As discussed at that hearing, plaintiff can take depositions of witnesses. In
20 those depositions, he may (1) ask them questions about events and documents; and (2) use
21 documents to refresh their recollection if there is an issue as to their ability to recall events.

22 **E.     Motion re Plaintiff's Deposition (Docket Nos. 191, 193)**

23    Plaintiff reportedly was deposed for a full day on May 16, 2007.[2] He says that he began
24 to hyperventilate during the examination. He further asserts that he may not have properly
25 understood the questions being asked. He requests an order "invalidating" his deposition

---

[2] Defendant indicated that it may seek leave to depose plaintiff for another one or two days. Based on the discussion held on May 22, 2007, the court would be inclined to look favorably upon such a request. Nonetheless, the parties are encouraged to meet-and-confer with one another to reach agreement on this issue.

4

United States District Court
For the Northern District of California

1  testimony. At the motion hearing, he alternatively requested an opportunity to review and
2  change his deposition testimony. Defense counsel asserted that, during the deposition, plaintiff
3  was offered more breaks than he took and turned down an offer to take a break when he
4  appeared to be short of breath.

5        Plaintiff's motion to invalidate his May 16, 2007 deposition testimony is denied.
6  Nevertheless, he is advised that, under Fed. R. Civ. P. 30(e), a deponent may review and make
7  changes to deposition testimony within thirty days after being notified that the deposition
8  transcript is available. *See* Fed.R.Civ.P. 30(e). A deponent who makes such changes must
9  provide a signed statement identifying the changes being made and stating the reasons for
10 making them. *Id*. The rule further requires deponents to make a request at the deposition to
11 review the transcript. *Id*. Here, plaintiff apparently made no such request at his deposition.
12 However, insofar as he evidently was unaware of the provisions of Fed. R. Civ. P. 30(e), the
13 court will, in this instance, excuse that requirement as to the May 16, 2007 transcript in
14 question.

15       This court declines, at the outset, to issue a prospective ruling as to the propriety of any
16 changes that plaintiff might make. However, plaintiff is advised that "Rule 30(e) is to be used
17 for corrective, and not contradictory, changes." *Hambleton Brothers Lumber Co. v. Balkin*
18 *Enterprises, Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). Further, "[w]hile the language of FRCP
19 30(e) permits corrections 'in form or substance,' this permission does not properly include
20 changes offered solely to create a material factual dispute in a tactical attempt to evade an
21 unfavorable summary judgment." *Id*. at 1225.

22       IT IS SO ORDERED.

23 Dated:   June 6, 2007

24                          HOWARD R. LLOYD
                         UNITED STATES MAGISTRATE JUDGE

5

1  A copy of this document will be mailed to:

2  Piotr J. Gardias
   72 Floyd Street
3  San Jose, CA 95110

4         Plaintiff (Pro Se)

5  Mary Susan Cain-Simon
   California State Attorney General's Office
6  1515 Clay Street, 20th Floor
   P. O. Box 70550
7  Oakland, CA 94612-0550

8         Counsel for Defendant

10  Dated:   6/7/07                    /s/
                              _____
                              Chambers of Magistrate Judge Lloyd

United States District Court
For the Northern District of California

6