United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PIOTR J. GARDIAS,

    Plaintiff,

v.

SAN JOSE STATE UNIVERSITY,

    Defendant.
_____/

No. C04-04086 HRL

Consolidated With:    C04-04768 HRL
    C05-01242 HRL
    C05-01833 HRL
    C06-04695 HRL

**ORDER (1) RE PLAINTIFF'S "MOTION TO COMPEL RE 5 SETS OF INTERROGATORIES"; (2) DENYING PLAINTIFF'S REQUEST FOR A STAY; AND (3) SETTING BRIEFING/HEARING SCHEDULE ON PARTIES' DISCOVERY MOTIONS**

**[Docket Nos. 199, 213-214, 218 and 219]**

On July 10, 2007, this court heard the "Motion to Compel Re: 5 Sets of Interrogatories" filed by pro se plaintiff Piotr Gardias. The court also discussed a number of other motions which have been filed by the parties. Upon consideration of the papers filed, as well as the arguments presented, the court issues the following order:

**1.**     <u>**Rules re Court Filings**</u>

Preliminarily, the court notes that, despite prior admonitions, plaintiff continues to make such a flood of filings – many of which do not comply with the Federal Rules of Civil Procedure or the court's Civil Local Rules – that he apparently needs to be reminded once again

that there are rules which he must follow. In this year alone, plaintiff has filed some 68 documents with the court seeking various and sundry things. Many of his filings are not properly noticed for a hearing and are sometimes brought with insufficient notice to defendant. Often, plaintiff files a series of "motions" – including several supplemental amendments – long after the briefing deadline on a particular motion has passed. The court has tried to be accommodating; however, there is a limit to the number of procedural missteps that it fairly can countenance. Plaintiff is again admonished to follow the Federal Rules of Civil Procedure and the court's Civil Local Rules. He may wish to pay particular attention to the rules governing discovery (*see, e.g.*, Federal Rules of Civil Procedure 30-37), and to the Civil Local Rules governing motions practice and requests to enlarge or shorten time (*see, e.g.*, Civil Local Rules 6 and 7). Plaintiff is advised that if he continues to file motions which do not comply with the rules, the court will not entertain them.

**2.     Plaintiff's Request for a Stay (Docket No. 219)**

Plaintiff requests that the instant action be stayed for two months because of "[his] health conditions." He submitted a note from Peggy Lu, M.D. – apparently a specialist in oncology and hematology – which states:

> To Whom It May Concern: Due to Mr. Piotr Gardias['s] health condition, he needs 2 month break from Court proceedings [and] meeting[s].

(*See* Docket No. 219).

The earliest of plaintiff's lawsuits has been pending for nearly three years. At plaintiff's request, this court previously stayed the instant litigation for several months based upon his representation that his health precluded him from litigating the matter. On the record presented, Dr. Lu's note does not provide sufficient information for the court to conclude that plaintiff's medical condition mandates another stay for an additional two months. Plaintiff advises that his lawsuits are creating a certain amount of stress for him. Nevertheless, he says that he is taking prescribed medications for anxiety; and, he continues to report for work. Moreover, in the two weeks after he requested a stay, plaintiff made no less than nine filings on various issues. Thus, the court is not persuaded that plaintiff's health has been so compromised that he cannot

2

1 reasonably continue to litigate this matter. Accordingly, his motion for a two-month stay is
2 denied.

3 However, the close of fact discovery will be extended to **September 7, 2007**. The court
4 is not inclined to grant any further extensions of this deadline.

5 **3.     Plaintiff's "Motion to Compel Re: 5 Sets of Interrogatories" (Docket No. 199)**

6 Plaintiff filed a motion to compel in which he complained that defendant failed to verify
7 its answers to five sets of interrogatories under oath. Additionally, plaintiff appeared to argue
8 that an order compelling further interrogatory answers was warranted because, in his opinion,
9 defendant's answers are untrue.

10 At the motion hearing, however, plaintiff seemed to be saying that defendant dodged his
11 questions and provided evasive answers. While that may have been what he meant, that is not
12 what his motion appears to say. Plaintiff then withdrew his motion to compel.

13 At this court's direction, and notwithstanding the withdrawal of the motion, defendant
14 submitted a letter to the court confirming that (a) all of its interrogatory answers were verified
15 under penalty of perjury (except as to matters stated on information and belief); and (b) none of
16 the answers to the interrogatories at issue are stated on information and belief. In any event,
17 plaintiff is advised that the parties might well have a different view of events and how those
18 events transpired. Plaintiff apparently takes exception to defendant's viewpoint and believes
19 that defendant is lying; however, he has not presented the court with a proper subject of a
20 motion to compel.

21 **4.     Plaintiff's Motion for More Time to Review Deposition Transcript (Docket Nos. 213-214)**
22

23 Plaintiff requests several more weeks to review and correct his May 16, 2007 deposition
24 transcript. As discussed at the motion hearing, the court believes that Federal Rule of Civil
25 Procedure 30 contemplates corrective changes only. Here, based on the parties' report of
26 plaintiff's efforts, it appears that plaintiff has instead been entirely rewriting his deposition
27 answers. Nevertheless, the court is not inclined to preclude plaintiff from completing his
28 review of the May 16, 2007 deposition transcript. Accordingly, his request for an extension of

3

time to do so is granted. Plaintiff shall have until July 31, 2007 to complete his review. No further extensions will be granted.

**5.     Defendant's Discovery Motions (Docket Nos. 216-218)**

Defendant has filed a motion to extend the length of plaintiff's deposition, as well as a motion to compel interrogatory answers and document production. Defendant also requested that these motions be heard on shortened time.

Defendant's motion for an order shortening time is denied. As discussed at the July 10, 2007 motion hearing, the briefing and hearing on defendant's motions shall be as follows:

- Plaintiff's opposition shall be filed no later than **July 20, 2007** (Plaintiff is reminded that he may file **one** opposition brief only);
- Defendant's reply shall be filed by **July 27, 2007**;
- The motions will be heard on **August 7, 2007, 10:00 a.m.** in Courtroom 2.

**6.     Defendant's Motion for Relief from Matters Deemed Admitted (Docket No. 203)**

Defendant filed a "Motion for Relief from Matters Deemed Admitted" and noticed it for a July 31, 2007 hearing. As discussed on July 10, the hearing on this motion has been **continued to August 7, 2007, 10:00 a.m.** in Courtroom 2, and the briefing on this motion shall proceed as follows:

- Plaintiff's opposition is due by **July 17, 2007**;
- Defendant's reply is due by **July 24, 2007**.

**7.     Plaintiff's Motion to Compel re Maria Rivera Verification (Docket No. 215 )**

Plaintiff filed a document entitled "Motion to Compel Re Maria Rivera June 24, 2005 Verification and Other Issues" and noticed it for a July 31, 2007 hearing. As discussed on July 10, the hearing on this motion has been **continued to August 7, 2007, 10:00 a.m.** in Courtroom 2, and the briefing on this motion shall proceed as follows:

- Defendant's opposition is due by **July 17, 2007**;
- Plaintiff's reply is due by **July 24, 2007** (Plaintiff is reminded that he may file only **one** reply brief).

**8.     Order to Show Cause Why Plaintiff Should Be Given Leave to Amend Complaint**

On May 9, 2007, this court issued an Order to Show Cause Why Plaintiff Should Be Given Leave to Amend Complaint. Pursuant to that order, briefing closed on June 5, 2007. However, plaintiff continued to file papers pertaining to that motion, without leave of court, through June 15, 2007. Plaintiff confirmed that he does not intend to make any more filings as to this issue. In any event, the deadline for briefing has passed, and the court will not accept any further papers from the parties on this particular issue. Unless otherwise ordered, the matter is deemed submitted without oral argument.

IT IS SO ORDERED.

Dated:   July 16, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**5:04-cv-4086 A copy of this document will be mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

    Plaintiff (Pro Se)

**Notice will be electronically mailed to**:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno fiel.tigno@doj.ca.gov

    Counsel for Defendant