**United States District Court**
For the Northern District of California

**\*E-FILED:  8.8.2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS, | No. C04-04086 HRL |
| Plaintiff, | Consolidated With:  C04-04768 HRL |
| | C05-01242 HRL |
| v. | C05-01833 HRL |
| | C06-04695 HRL |
| SAN JOSE STATE UNIVERSITY, | **ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM MATTER DEEMED ADMITTED** |
| Defendant. | |
| _____/ | **[Re:  Docket No. 203]** |

Defendant moves for an order for relief from matter deemed admitted.  Plaintiff opposed the motion.  Having considered the moving and responding papers, as well as the arguments presented at the August 7, 2007 hearing, the court grants the motion.

This is a consolidated action for alleged employment discrimination filed pursuant to 42 U.S.C. § 2000e-5.  Plaintiff is employed by San Jose State University.  He claims that defendant (a) failed to promote him on the basis of his age and national origin; (b) retaliated against him for filing employment complaints; and (c) discriminated against him on the basis of an alleged disability.

Plaintiff says that he served a request for admission ("RFA") on defendant in September 2006.  On a prior motion, he submitted to the court a proof of service indicating that

1   service was, in fact, effected on or about September 6, 2006.  (*See* Docket No. 189).

2   Defendant's response admittedly was not served until around November 27, 2006, and plaintiff

3   argues that the failure to timely respond to the RFA resulted in automatic admission of the

4   matter requested.  Defendant contends that either plaintiff's RFA was never properly served on

5   defense counsel's office, or, if there was a proper service when plaintiff says, that copy was

6   misplaced.  This court accepts plaintiff's assertion that the RFA properly was served.

7   Nonetheless, it concludes that defendant is entitled to have any deemed admission withdrawn.

8          When a party fails to timely respond to requests for admission, the matters requested are

9   automatically deemed admitted.  *See* FED.R.CIV.P. 36(a) ("The matter is admitted unless, within

10  30 days after service of the request, or within such shorter or longer time as the court may allow

11  or as the parties may agree to in writing . . . the party to whom the request is directed serves

12  upon the party requesting the admission a written answer or objection addressed to the matter,

13  signed by the party or by the party's attorney.").  "Any matter admitted under this rule is

14  conclusively established unless the court on motion permits withdrawal or amendment of the

15  admission." FED.R.CIV.P. 36(b).

16         Withdrawal or amendment of the admissions may be permitted where (1) the

17  presentation of the merits of the action will be furthered by the withdrawal; and (2) withdrawal

18  will not prejudice the party who obtained the admission in maintaining the action or defense on

19  the merits.  FED.R.CIV.P. 36(b).  "[A] district court must specifically consider both factors

20  under the rule before deciding a motion to withdraw or amend admissions." *Conlon v. United*

21  *States*, 474 F.3d 616, 622 (9th Cir. 2007).

22         "'The first half of the test in Rule 36(b) is satisfied when upholding the admissions

23  would practically eliminate any presentation of the merits of the case.'"  *Conlon*, 474 F.3d at

24  622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  Here, the admission

25  at issue reportedly concerns whether defendant submitted all job description information for a

26  "Construction Coordinator" position to the EEOC.  Plaintiff contends that defendant failed to do

27  so and, therefore, "falsifi[ed] criteria by Defendant to pro[ve] U.S. EEOC that chosen applicant

28  was qualified for the position Construction Coordinator."  (*See* Docket No. 172).  According to

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1   defendant, its records show that all information was submitted to the EEOC. It is not readily

2   apparent that the deemed admission is a key component to the merits of plaintiff's case.

3   Nevertheless, insofar as the admission bears upon defendant's veracity and its conduct with

4   respect to plaintiff, the court finds that permitting withdrawal will further the presentation of the

5   merits.

6       Plaintiff has the burden of establishing that he will be prejudiced if the admissions are

7   withdrawn. *See Conlon*, 474 F.3d at 622 ("The party relying on the deemed admission has the

8   burden of proving prejudice."). "The prejudice contemplated by Rule 36(b) is 'not simply that

9   the party who obtained the admission will now have to convince the factfinder of its truth.'"

10  *Hadley*, 45 F.3d at 1348 (quoting *Brook Village North Associates v. Gen. Elec. Co.*, 686 F.2d

11  66, 70 (1st Cir. 1982)). "'Rather, it relates to the difficulty a party may face in proving its case,

12  *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain

13  evidence' with respect to the questions previously deemed admitted." *Id.* "Courts are more

14  likely to find prejudice when the motion for withdrawal is made in the middle of trial." *Hadley*,

15  45 F.3d at 1348.

16      In the instant case, discovery remains open, and trial is not set to begin for another seven

17  months. Moreover, there is no indication that plaintiff will be prejudiced if the deemed

18  admission is withdrawn. At oral argument, plaintiff seemed to suggest that he has been, or

19  would be, prejudiced in his efforts to take discovery.[1] However, he was not able to say how his

20  efforts to take discovery have been (or would be) impeded. Nor has he shown how he has been

21  prejudiced, if at all, in his ability to maintain this action on the merits. In any event, it seems

22  that plaintiff was on notice soon after the service of defendant's belated response in November

23  2006 that defendant contended that his RFA was not properly served (and that any lateness in

24  the service of its response therefore should be excused). Further, even assuming there was

25  some discovery plaintiff feels is lacking (and on the record presented, there appears to be none),

26

27      [1]    Plaintiff reiterated this sentiment in a one-page response which was filed on
    the date of the motion hearing. It is not clear whether this filing was made shortly before or
28  after the motion was heard. Either way, briefing on defendant's motion closed several weeks
    ago, and plaintiff's August 7, 2007 filing was improper.

**United States District Court**
For the Northern District of California

1   the Ninth Circuit has declined to conclude that "a lack of discovery, without more, constitutes

2   prejudice." *Conlon*, 474 F.3d at 624.  Accordingly, this court concludes that the second prong

3   of the Fed. R. Civ. P. 36(b) test is also satisfied.

4   The court is mindful that it may nonetheless exercise its discretion to deny withdrawal

5   even where the two-pronged test is satisfied.  *See Conlon*, 474 F.3d at 621 ("Rule 36(b) is

6   permissive, not mandatory, with respect to the withdrawal of admissions.").  However, since the

7   court finds that there has been no prejudice to plaintiff, it will grant the motion to withdraw the

8   deemed admission.

9   Based on the foregoing, IT IS ORDERED THAT defendant's motion for relief from

10  matter deemed admitted is GRANTED.

11

12  Dated:    August 8, 2007

13  _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**5:04-cv-4086 A copy of this document will be mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

      Plaintiff (Pro Se)

**Notice will be electronically mailed to**:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno fiel.tigno@doj.ca.gov

      Counsel for Defendant