1

2

3                                                              *E-FILED:  8.9.2007*

4

5

6

7                                                 NOT FOR CITATION

8                               IN THE UNITED STATES DISTRICT COURT

9                            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                               SAN JOSE DIVISION

11

PIOTR J. GARDIAS,                                    No. C04-04086 HRL

12
              Plaintiff,                             Consolidated With:    C04-04768 HRL
13                                                                         C05-01242 HRL
     v.                                                                    C05-01833 HRL
14                                                                         C06-04695 HRL

15   SAN JOSE STATE UNIVERSITY,                      **ORDER DENYING PLAINTIFF'S
                                                     MOTION TO COMPEL**
16
              Defendant.                             **[Re:  Docket No. 215]**
17   _____/

18

19          On August 7, 2007, this court heard plaintiff's "Motion to Compel re Maria Rivera

20   Verification and Other Issues."  Defendant opposed the motion.  Having considered the moving

21   and responding papers, as well as the arguments presented at the motion hearing, this court

22   issues the following order.

23          Although plaintiff's motion to compel was filed as a single motion, the document

24   actually comprises at least four distinct motions seeking relief.  The court addresses each

25   motion in turn:

26   **1.      Motion to compel re Rivera verification**

27          Plaintiff contends that a discovery verification provided by Maria Rivera (apparently, a

28   University employee) is deficient.  Rivera reportedly provided a verification made under

**United States District Court**
For the Northern District of California

1  penalty of perjury – except as to matters stated on information and belief.[1]  As those matters,

2  Rivera evidently stated that she believes them to be true.  The parties disagree whether Rivera's

3  form of verification as to matters stated on "information and belief" is proper.[2]

4       The parties have not cited, and this court has not found, binding authority addressing

5  whether Rivera's verification as to matters stated on information and belief is sufficient.

6  Defendant cites a nineteenth century U.S. Supreme Court case in which the court found that a

7  pleading properly was verified where the verification provided that matters stated on

8  information and belief were believed to be true.  *See Maclay v. Sands*, 94 U.S. 586 (1976).

9  However, since *Maclay* concerned construction of and compliance with a specific Montana

10  statute, it is not particularly helpful to the resolution of the instant motion.

11       Nevertheless, a corporate representative need not have personal knowledge of every

12  response.  While the representative must have some basis for stating, on the entity's behalf, that

13  its responses are true and correct, the representative may "verify the [entity's] answers without

14  personal knowledge of every response by 'furnish[ing] such information as is available *to the*

15  *party*.'"  *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1482 (D.C. Cir.

16  1995) (quoting Fed.R.Civ.P. 33(a)); *see also O'Connell v. Chapman Univ.*, __ F. Supp.2d __,

17  2007 WL 1982198 at *4 (C.D. Cal. June 8, 2007) ("Thus, an individual party is treated

18  differently than a party that is a business entity; the former must answer interrogatories based

19  on personal knowledge, whereas the latter may answer interrogatories based on available

20  information.").  Here, the court is satisfied that Rivera has verified defendant's interrogatory

21  answers to the best of her knowledge and ability and that defendant's verification is, therefore,

22  satisfactory.  Plaintiff's motion is denied.

23

24

25  [1]     Although defendant apparently intended to submit a copy of Rivera's
   declaration with its opposition, the declaration was not attached to its papers.  As such, the
26  court has relied on the parties' representations as to what the verification says.

27  [2]     Although Rivera's verification apparently covered a number of defendant's
   responses to interrogatories, requests for admission and requests for documents, the present
28  dispute largely concerns defendant's interrogatory answers.  Unlike Fed. R. Civ. P. 33, which
   governs interrogatories, there is nothing in Fed. R. Civ. P. 34 or 36 which require responses
   to requests for documents and requests for admission to be made "under oath."

**United States District Court**
For the Northern District of California

**2.      Motion to compel a declaration from Duffy-Horling re the "last case"**

In this motion, plaintiff seems to request an order compelling defendant to produce a declaration from Adriana Duffy-Horling (previously identified as defendant's former EEOC compliance officer) concerning the "last case." Plaintiff does not explain what the "last case" is, nor does he provide any basis to compel the requested declaration (whatever it may be). Defendant says that it has informed plaintiff that if he seeks testimony from Duffy-Horling, it will produce her for deposition. However, plaintiff apparently has made no effort to schedule her deposition (or that of anyone else), and he confirms that he has no interest in deposing Duffy-Horling. The motion is denied.

**3.      Motion to compel declarations from "individuals listed by Defendants as participated in Betty Luna's decision"**

Here, plaintiff says that he "seeks a ruling from the court that Defendant submits to plaintiff declarations from individuals listed by Defendant as participated in Betty Luna's decision." (Motion at p. 1). His reply papers merely repeat the request without further explanation.

Defendant identifies Luna as a management-level employee. It says that to the extent plaintiff seeks her testimony, it is willing to arrange for her deposition (as well as the depositions of its other management-level employees who participated in a decision to terminate plaintiff's temporary assignment as Building Official Assistant). To date, however, plaintiff has expressed no interest in deposing Luna or anyone else.

Plaintiff has not explained what declarations he seeks or why. The court cannot ascertain any basis for his motion. Accordingly, it is denied.

**4.      Motion to Compel Answers to Five Sets of Interrogatories**

In this motion, plaintiff complains that defendant has not sufficiently answered five sets of interrogatories, namely:

•       "First Request for Interrogatories";

3

United States District Court

For the Northern District of California

1   •   "Second Request for Interrogatories";

2   •   "3rd Set of Interrogatories, William Shum, Re: Engineering or

3       Architectural License, Part I";

4   •   "4th Set of Interrogatories, Terry Crisp, Re: Associate Director, Energy

5       Systems Requisition #012042, Part I"; and

6   •   "5th Set of Interrogatories, Tony Valenzuela Re: Chief Engineer

7       requisition #011353."

8   (*See* Motion at p. 1).

9       Preliminarily, the court notes that, for the first time in his reply brief, plaintiff attempted

10  to resurrect a previously withdrawn motion to compel answers to a host of *other*

11  interrogatories.[3]  Plaintiff's belated attempt to include those interrogatories in the instant motion

12  is improper, and the court will not entertain arguments as to those interrogatories at this time.

13  The court now turns to the interrogatories which properly are before it.

14      The court has carefully reviewed plaintiff's "interrogatories" and defendant's responses[4]

15  and rules as follows:

16

17  a.   **"First Request for Interrogatories" and "Second Request for**
        **Interrogatories"**

18

19      With respect to plaintiff's "First Request for Interrogatories" and "Second Request for

20  Interrogatories," plaintiff moves to compel defendant's answer to two contention interrogatories

21  which seek all facts and documents supporting its contentions as to several specified jobs.  In

22  response to the first interrogatory, defendant stated that it did not discriminate against plaintiff

23  ─────────────────────

24      [3]    These other interrogatories – which apparently include plaintiff's "1st Set of
        Interrogatories – Plaintiff's Setup," Parts I-IV – also appear to be the subject of another
25      motion to compel, which plaintiff filed on July 31, 2007 and noticed for hearing on
        September 7, 2007 (*see* Motion to Compel, Docket No. 245).  Because September 7, 2007
26      does not coincide with this court's regular civil law and motion calendar, the court will issue
        a notice re-setting that motion hearing.

27      [4]    Plaintiff did not submit copies of defendant's responses as to all of the
28      interrogatories at issue.  He nevertheless retyped defendant's purported responses and
        incorporated them in his reply papers.  There being no apparent dispute as to the accuracy of
        plaintiff's re-typed responses, this court has relied upon them in resolving the instant motion.

4

and that its hiring decisions for the identified positions were based on lawful and legitimate business reasons. It further responded by referring plaintiff to its responses to his EEOC complaints (all of which reportedly are in plaintiff's possession). As for the second interrogatory, defendant responded by referencing its responses to plaintiff's administrative complaints (all of which reportedly are in plaintiff's possession).

Although defendant's responses are somewhat sketchy, as discussed at the motion hearing, this court reads those responses to mean, in effect, that the University's defense on those issues is limited to the contents of the referenced documents. Defense counsel agreed and stated that defendant believes that the referenced documents "contain[] the names of all witnesses and all the facts that we intend to provide on those issues." She further confirmed that defendant will not (a) seek to introduce facts which are not contained in those records or (b) put on witnesses, except to the extent that other witnesses might be identified in plaintiff's deposition. The court therefore concludes that defendant has sufficiently answered these interrogatories. Plaintiff's motion to compel as to these interrogatories is DENIED.

### b. Plaintiff's "3rd Set of Interrogatories, William Shum re: Engineering or Architectural License, Part I"

The court agrees that plaintiff's interrogatories are vague and ambiguous. In several instances, the "interrogatories" were not properly phrased as questions. Defendant has sufficiently answered these interrogatories. In any event, plaintiff now appears to be moving to compel information which was not requested in the first instance. Plaintiff's motion to compel further answers to these interrogatories is DENIED.

### c. Plaintiff's "4th Set of Interrogatories, Terry Crisp Re: Associate Director, Energy Systems Requisition #012402 Part I"

The court agrees that plaintiff's "interrogatories" are vague and ambiguous. Moreover, many of them were not properly phrased as questions. At oral argument, plaintiff asserted that he wants to know what "Associate Director" position was given to Scott Anderson. However, it

**United States District Court**
For the Northern District of California

1   appears that defendant has answered all of the "interrogatories," and the court does not

2   understand what plaintiff claims is lacking.  Additionally, plaintiff now appears to be moving to

3   compel information which was not requested in the first instance.  Plaintiff's motion to compel

4   further answers to these interrogatories is DENIED.

5

6         **d.**      **Plaintiff's "5th Set of Interrogatories - Tony Valenzuela - Re: Chief**

7               **Engineer - Requisition #011353 - Part I"**

8         The court agrees that the interrogatories, as drafted, are vague, ambiguous and uncertain.

9   Moreover, many of them were not properly phrased as questions.  At the motion hearing, there

10  was some discussion about Valenzuela's role in the hiring decision for the referenced position.

11  Defense counsel stated that she believes that Valenzuela was the ultimate decisionmaker.  At

12  any rate, it appears that defendant answered the "interrogatories," and the court does not

13  understand what plaintiff claims is lacking.  Additionally, plaintiff now appears to be moving to

14  compel information which was not requested in the first instance.  Plaintiff's motion to compel

15  further answers to these interrogatories is DENIED.

16        IT IS SO ORDERED.

17  Dated:   August 9, 2007

18  _____
      HOWARD R. LLOYD

19        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

**5:04-cv-4086 A copy of this document will be mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

       Plaintiff (Pro Se)

**Notice will be electronically mailed to**:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno fiel.tigno@doj.ca.gov

       Counsel for Defendant

**United States District Court**
For the Northern District of California