**United States District Court**
For the Northern District of California

1

2

3                                        **\*E-FILED:  8.22.2007\***

4

5

6

7                                        NOT FOR CITATION

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                      SAN JOSE DIVISION

11

12   PIOTR J. GARDIAS,                             No. C04-04086 HRL

            Plaintiff,                            Consolidated With:    C04-04768 HRL
13                                                                       C05-01242 HRL
       v.                                                                C05-01833 HRL
14                                                                       C06-04695 HRL

15   SAN JOSE STATE UNIVERSITY,                   **ORDER GRANTING IN PART AND
                                                   DENYING IN PART PLAINTIFF'S**
16          Defendant.                            **MOTION TO QUASH SUBPOENAS**

17                                                **[Re:  Docket No. 243]**

18   _____/

19                                   **I.  BACKGROUND**

20          This is a consolidated action for alleged employment discrimination filed pursuant to 42

21   U.S.C. § 2000e-5.  Plaintiff claims that his current employer, San Jose State University ("SJSU"

22   or "University"), wrongfully failed to promote him.[1]  Defendant served eight subpoenas on

23   various non-parties, seeking plaintiff's prior employment records, as well as his medical and

24   academic records.  Plaintiff moved to quash those subpoenas on the grounds that the requested

25   information is irrelevant or private (or both).  Defendant opposed the motion.  Upon

26   consideration of the moving and responding papers, as well as the arguments presented at the

27

28

_____

[1]       California State University asserts that it is the properly named defendant in
this action and that it was erroneously sued as "San Jose State University."

1  August 21, 2007 motion hearing, the court grants the motion in part and denies the motion in

2  part.

### II. LEGAL STANDARD

4      "Parties may obtain discovery regarding any matter, not privileged, that is relevant to

5  the claim or defense of any party . . .. For good cause, the court may order discovery of any

6  matter relevant to the subject matter involved in the action."  FED.R.CIV.P. 26(b)(1).  "Relevant

7  information need not be admissible at the trial if the discovery appears reasonably calculated to

8  lead to the discovery of admissible evidence."  *Id*.  The party objecting to the discovery bears

9  the burden of showing that it should not be allowed.  *See* FED.R.CIV.P. 26(c).

10     Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding

11  a non-party to give testimony or produce documents.  *See* FED.R.CIV.P. 45(a)(1)(C).  The

12  subpoena nonetheless is subject to the relevance provisions of Federal Rule of Civil Procedure

13  26(b)(1).  A party that is not the recipient of the subpoena has standing to challenge the

14  subpoena "only where its challenge asserts that the information is privileged or protected to

15  itself."  *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994).

16  Upon a timely motion, a court shall quash or modify a subpoena if it finds that the subpoena

17  "requires disclosure of privileged or other protected matter and no exception or waiver applies."

18  *See* FED.R.CIV.P. 45(c)(3)(A)(iii).

### III. DISCUSSION

20  **A.    Plaintiff's Employment/Medical Records**

21     Defendant served a subpoena on Stanford University ("Stanford"), seeking production

22  of all employment records from 1970 to the present pertaining to plaintiff, including:

23  •    any and all pre-employment records;

24  •    background check information;

25  •    personnel records (including employment application/resume,
       performance evaluations, records of disciplinary actions, disability
26     claims, workers compensation claims, and medical records pertaining
       to the individual's employment); and

27

28  •    payroll records (including salary, wages, commissions or other remuneration
       paid or held by the employer, W-2 forms, time sheets
       and records of time off the job and reasons therefore, including sick

*United States District Court*
For the Northern District of California

1          leave and vacation).

2     These documents apparently pertain to prior work plaintiff performed at a cogeneration plant.

3     Plaintiff objects to the subpoena on the grounds that his prior employment records are irrelevant

4     and that any medical records are irrelevant and private.  The court is informed that Stanford

5     responded by stating only that (a) plaintiff was never employed by Stanford; and (b) the

6     cogeneration plant in question is actually owned by General Electric.  In view of Stanford's

7     response, this particular subpoena would appear to be moot.  Nevertheless, insofar as defendant

8     advises that a similar subpoena has now been served on General Electric, it appears that there is

9     still a live dispute over the relevance of the requested documents.

10          Defendant contends that these records are relevant because plaintiff has put his claimed

11    prior work experience at issue.  It asserts that, in deposition, plaintiff testified that his prior

12    work experience establishes his qualifications for several of the positions for which he

13    (unsuccessfully) applied at SJSU.  However, defendant argues that plaintiff's testimony was

14    sketchy (even contradictory) as to his past experience.  Plaintiff maintains that his prior

15    employment records are irrelevant because SJSU did not require such records from him (or any

16    other applicant) in its hiring process for the various positions in question.

17          To the extent that plaintiff apparently relies upon his past work experience at the plant

18    as evidence of his qualification for several of the positions at issue, the court agrees that

19    defendant should be given some leeway to explore his prior employment records.  Nevertheless,

20    defendant has not, in the first instance, demonstrated the relevance of pre-employment records,

21    background checks, disciplinary actions, disability claims, workers compensation claims,

22    medical records pertaining to the employment, or payroll records.  Accordingly, plaintiff's

23    motion to quash as to this subpoena is GRANTED IN PART AND DENIED IN PART as

24    follows:   Defendant will be permitted to seek employment records which are sufficient to show

25    plaintiff's duties, responsibilities and job performance in his work there.  However, defendant's

26    subpoena is otherwise quashed as to all other records.

27

28

**United States District Court**
For the Northern District of California

3

**B.      Plaintiff's Medical Records**

Defendant has subpoenaed plaintiff's medical records from a number of different doctors and health care providers.  The subpoenas, which all appear to be essentially the same, seek all medical records pertaining to plaintiff, including:

- •      any and all intake forms, correspondence, handwritten and typed doctors'/nurses notes, examination and consultation notes, tape recordings, and reports prepared, regarding treatment, diagnosis and prognosis;

- •      any and all prescribed medications, therapy, patient's initial and interval histories, pathology lab/radiology reports, prescriptions, and file folder notes;

- •      any and all physical therapy records; and

- •      any and all records, from any sources, reviewed in connection with treatment and diagnosis of plaintiff.

The parties dispute whether plaintiff has put his health/medical condition at issue such that defendant's need for the requested information outweighs his privacy interests.

The court notes that if plaintiff has put his health or medical condition at issue in his lawsuits, then it would be inclined to permit defendant to conduct discovery of his relevant medical records.  Here, the complaint filed in plaintiff's most recent lawsuit, Case No. C06-04695 HRL, alleges that defendant failed to promote plaintiff (and reassigned him to a trade position) based on his "age and disability."  (*See* Case No. C06-04695HRL, Complaint at p. 2). Additionally, according to defendant, plaintiff (a) seems to allege various health problems as a result of the discrimination and harassment he allegedly suffered at SJSU; and (b) contends that defendant improperly referred him for a fitness-for-duty medical examination.  The court agrees that if plaintiff is not offering the purported allegations as a basis for any legal claim against defendant, then the requested medical records are not relevant to this litigation.  In his opposition papers, plaintiff seemed to renounce any intent to pursue any health or disability-related claims asserted in the complaint in Case No. C06-04695, although the explanation he provided was not clear.

Nonetheless, at the motion hearing, plaintiff flatly denied that he is disabled and stated that he has no intention of asserting any claims that defendant discriminated against him on the basis of any disability.  When probed by the court, plaintiff indicated that he does not intend to

4

1 seek damages for purported injuries to his health allegedly caused by defendant's conduct.

2 When asked by the court for the basis of his claims against defendant, plaintiff confirmed that

3 his lawsuits only allege discrimination on the basis of his age and national origin and that he

4 "never was thinking" that defendant failed to promote him for health-related reasons.

5       In light of plaintiff's representations in open court, this court concludes that he has not

6 put his health at issue in this litigation.  Accordingly, plaintiff's motion to quash the subpoenas

7 for his medical records is GRANTED.

8 **C.       Plaintiff's Academic Records**

9       Defendant has served a subpoena on the University seeking all academic records

10 pertaining to plaintiff.  Although plaintiff listed this subpoena in his motion to quash, he

11 confirmed at the motion hearing that he does not object to the request for his academic records.

12 Accordingly, his motion as to this subpoena is DENIED as MOOT.

13       IT IS SO ORDERED.

14

15 Dated:     August 22, 2007

16                            HOWARD R. LLOYD

UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

**A copy of this document will be mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

      Plaintiff (Pro Se)


**Notice has been electronically mailed to**:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno fiel.tigno@doj.ca.gov

**United States District Court**
For the Northern District of California

6