**\*E-FILED:  9.6.2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS,<br><br>　　　　Plaintiff,<br>　v.<br><br>SAN JOSE STATE UNIVERSITY,<br><br>　　　　Defendant.<br>_____/ | No. C04-04086 HRL<br><br>Consolidated With:　C04-04768 HRL<br>　　　　　　　　　　C05-01242 HRL<br>　　　　　　　　　　C05-01833 HRL<br>　　　　　　　　　　C06-04695 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL RE INTERROGATORIES**<br><br>**[Re: Docket Nos. 246, 269]** |

　　　　On July 31, 2007, plaintiff filed a "Motion to Compel 4 Sets of Interrogatories, Part I and 5 Sets of Interrogatories, Part II." In that motion, he sought an order compelling defendant to serve "full answers" to various interrogatories and compelling Maria Rivera to provide a clear declaration verifying defendant's answers. Two weeks later, on August 15, 2007, plaintiff filed an "Amendment to Motion to Compel 4 Sets of Interrogatories, Part I and 5 Sets of Interrogatories, Part II." In this amended motion, plaintiff expressly drops his earlier request for an order compelling defendant to serve "full answers" to various interrogatories.[1] Instead, plaintiff says that he seeks the following:

---

[1] In any event, the court notes that most of the interrogatories in question appear to pertain to issues/events concerning his health/medical condition. However, plaintiff recently disclaimed any intent to inject health-related issues into the instant consolidated lawsuit. As such, those interrogatories would appear to be irrelevant.

United States District Court
For the Northern District of California

- an order "that Ms. Rivera signs each her answer which is required by FRCP Rule 33"; and
- an order compelling defense counsel to "tell[] name of individual who developed 'General Objections'" used in defendant's discovery responses.

Plaintiff apparently also still wants Maria Rivera to provide a "clear declaration" verifying defendant's interrogatory answers. Although these motions were set for hearing on September 11, 2007, the court finds it appropriate to deem them submitted without oral argument. *See* CIV. L.R. 7-1(b). Upon consideration of the papers submitted, the court issues the following order.

To the extent plaintiff now seems to be asking that Rivera sign each interrogatory as an answering party, he misapprehends the meaning of Fed.R.Civ.P. 33. It is true that interrogatory "answers are to be signed by the person making them . . .." FED.R.CIV.P. 33(b)(2). Here, however, California State University[2] is the only defendant and answering party. Rivera evidently is the agent that defendant designated to verify its interrogatory answers on its behalf. As for Rivera's verification, the court has already ruled on the question of its sufficiency. (*See* Docket #260, August 9, 2007 Order Denying Plaintiff's Motion to Compel).

With respect to the referenced "General Objections," these appear to be a standard litany of objections that parties often (rightly or wrongly) include in the preamble to their discovery answers. The request for information as to who developed them has no bearing on plaintiff's claims.

For the foregoing reasons, plaintiff's motion to compel and amended motion to compel are DENIED.

Dated:   September 6, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant advises that it was erroneously sued as "San Jose State University."

2

**A copy of this document mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

   Plaintiff (Pro Se)

**Notice electronically mailed to**:

Mary Susan Cain-Simon:  Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno:  fiel.tigno@doj.ca.gov