*E-FILED: 9/10/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS, | No. C04-04086 HRL |
| Plaintiff, | Consolidated With:   C04-04768 HRL |
| v. | C05-01242 HRL |
| | C05-01833 HRL |
| | C06-04695 HRL |
| SAN JOSE STATE UNIVERSITY, | **ORDER DENYING PLAINTIFF'S REQUEST TO DEEM "MOTION TO CONSOLIDATE" TO BE AN AMENDED COMPLAINT** |
| Defendant. | |

Presently before the court is a dispute between the parties as to whether plaintiff's apparent dissatisfaction about how Chris Nordby obtained a position in defendant's Cogeneration Turbine Plant is or is not a claim properly raised in the instant consolidated action. (Plaintiff seems to believe that the job should have gone to himself.) Defendant reportedly has produced requested discovery pertaining to Nordby and a Cogeneration Turbine Plant position, but it maintains that the information is irrelevant because the issue was not alleged in any of plaintiff's complaints. Plaintiff disagrees and argues that his August 14, 2006 "Motion to Consolidate" (Case C04-04086, Docket No. 82) should now be deemed an amendment to his final (fifth) complaint. The court previously issued an order to show cause giving the parties an opportunity to brief the issue, and the matter was deemed submitted

without oral argument.

Upon consideration of the papers filed by the parties, this court issues the following order.

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. *See Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the court concludes that there is no justification for plaintiff's request to retroactively deem his "Motion to Consolidate"– which was filed over one year ago – to be an amended complaint. None of plaintiff's complaints in this consolidated litigation provide notice of any claims pertaining to Nordby and a Cogeneration Turbine Plant position. The only mention of Nordby is a passing reference buried within the mass of letters and other documents appended to plaintiff's form complaint in Case C06-04695. However, defendant indicates that those attachments apparently were filed only with the court and were not served with defendant's copy of the complaint in that case. In any event, even broadly construing that complaint, the fleeting reference in the attachments to Nordby and the Cogeneration Turbine Plant position is insufficient to provide notice of any claim for relief based upon the same. (Indeed, it is not clear from the reference that plaintiff is even asserting a claim for relief, as opposed to merely complaining about another instance of perceived unfair treatment by defendant.)

Plaintiff seems to contend that his "Motion to Consolidate" may automatically be deemed an amended pleading under Fed. R. Civ. P. 15(a). Here, he points out that the "Motion to Consolidate" was filed before defendant answered the complaint in Case C06-04695. It is true that a party "may amend [its] pleading once as a matter of course at any time before a responsive pleading is served . . .." FED.R.CIV.P. 15(a). However, at the time plaintiff filed his

"Motion to Consolidate," there was no indication that it was, or that plaintiff intended it to be, anything other than a request that Case C06-04695 be consolidated with his four earlier-filed lawsuits.[1]  Moreover, while the "Motion to Consolidate" attaches several documents concerning a host of issues (including Nordby and the Cogeneration Turbine Plant), it does not provide proper notice of any claim for relief.  It was not until after defendant answered the complaint, and after it raised relevance objections to his discovery requests, that plaintiff suddenly claimed that his "Motion to Consolidate" was really intended to be an amended pleading.  Plaintiff's (after-the-fact) pronouncement as to his "Motion to Consolidate" does not transform that document into an amendment of right under Fed. R. Civ. P. 15(a).

Further, it is not apparent that plaintiff exhausted his administrative remedies by raising his grievance about Nordby and the Cogeneration Turbine Plant position in EEOC Charge No. 556-2006-00182 (the apparent basis of his complaint in Case No. C06-04695).  EEOC charges are liberally construed; and, a federal court may consider allegations of discrimination which were not raised in an EEOC charge, but which nevertheless are like or reasonably related to the allegations contained in the charge.  *See B.K.B v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).  Here, the basis of plaintiff's claims is that he was essentially demoted and wrongfully denied promotions to specific and distinct positions (Campus Engineer and Associate Director) at San Jose State University.  (*See* Complaint C06-04695).  If plaintiff truly intended to assert a claim for relief as to the Cogeneration Turbine Plant position, he certainly knew how to do so.[2]  There is no indication that plaintiff intended to include any claim as to Nordby and the Cogeneration Turbine Plant position in EEOC Charge No. 556-2006-00182 before the EEOC concluded its investigation and issued a right-to-sue notice.  Indeed, the attachments to his "Motion to Consolidate" indicate that he only attempted to have the EEOC examine various letters about Nordby months after the EEOC closed its files as to that charge.

---

[1] Plaintiff has filed amendments as of right before (*see, e.g.,* plaintiff's "First Amended Complaint," Case No. C04-04086, Docket No. 7).  If he really intended to do so here, he knew how to do so properly.

[2] Each of the five complaints that comprise this consolidated action concern specifically identified positions which plaintiff claims should have been given to him.

3

1   For the foregoing reasons, plaintiff's request to retroactively deem his "Motion to
2   Consolidate" to be an amended pleading is denied.  Plaintiff has not and may not state a claim
3   for relief with respect to Nordby and the Cogeneration Turbine Plant position.
4   IT IS SO ORDERED.

6   Dated:    September 10, 2007

7   _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

**A copy of this document will be mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

    Plaintiff (Pro Se)

**Notice has been electronically mailed to**:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno fiel.tigno@doj.ca.gov