*E-FILED 10/22/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| PIOTR J. GARDIAS,<br><br>      Plaintiff,<br><br>  v.<br><br><br><br>SAN JOSE STATE UNIVERSITY,<br><br>      Defendant.<br>_____/ | No. C04-04086 HRL<br><br>Consolidated With:   C04-04768 HRL<br>                             C05-01242 HRL<br>                             C05-01833 HRL<br>                             C06-04695 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR TERMINATING SANCTIONS; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEPOSITION LIMITS**<br><br>**[Docket No. 279, 286]** |

On October 16, 2007, this court heard defendant's motion for terminating sanctions. Plaintiff opposed the motion and also filed a motion requesting certain limits on his deposition. Upon consideration of the moving and responding papers,[1] as well as the arguments presented at the motion hearing, this court (a) grants in part and denies in part defendant's motion for sanctions; and (b) grants in part and denies in part plaintiff's motion for deposition limits.

---

[1] Although this court denied plaintiff's request for leave to file a sur-reply on defendant's motion for sanctions, he submitted one anyway on the eve of the motion hearing. The court has repeatedly admonished plaintiff to comply with its Civil Local Rules and orders concerning briefing and filing deadlines. The court has considered his improperly filed brief, but plaintiff is warned that the court disapproves of his continuing and repeated disregard of this court's Local Rules and orders.

## I. BACKGROUND

On August 8, 2007, this court granted defendant's motion for an additional 14 hours to depose plaintiff. Its order directed defendant to send plaintiff copies of documents expected to be the subject of examination at least three days in advance of his deposition. (*See* Docket No. 257). On that same day, in a separate order, the court also granted defendant's motion to compel plaintiff to answer contention interrogatories and to produce documents in response to related requests for production. (*See* Docket No. 258). Plaintiff was ordered to serve his discovery responses and documents by August 17, 2007. At his request, that deadline was subsequently extended by two weeks to August 31, 2007. (*See* Docket No. 278).

Defendant contends that plaintiff unjustifiably refused to appear for his deposition and, further, failed to answer the contention interrogatories which were the subject of the court's August 8, 2007 discovery order. It now moves for the sanction of dismissal, or alternatively, for evidentiary sanctions.

## II. LEGAL STANDARD

When a party fails to obey a court order to provide or permit discovery, the court "may make such orders in regard to the failure as are just," including an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." FED.R.CIV.P. 37(b)(2)(C). Dismissal and entry of default judgment are, however, drastic remedies to be used only in extreme circumstances. *See In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). Other sanctions which may be imposed by the court include orders (a) deeming certain facts to be established for purposes of the action in accordance with the claim of the party seeking sanctions, (b) precluding the disobedient party from supporting or opposing certain claims or defenses, (c) precluding the disobedient party from introducing certain matters into evidence, or (d) striking out pleadings in whole or in part. *See* FED.R.CIV.P. 37(b)(2)(A), (B) and (C).

If a party fails to appear at his deposition, the court may impose these same sanctions. FED.R.CIV.P. 37(d); *see also* FED.R.CIV.P. 37(b)(2)(A), (B) and (C). In lieu of, or in addition to, these sanctions, the court shall require the party failing to appear "to pay the reasonable

1  expenses, including attorney's fees, caused by the failure unless the court finds that the failure
2  was substantially justified or that other circumstances make an award of expenses unjust."
3  FED.R.CIV.P. 37(d).

## III.  DISCUSSION

### A.  Plaintiff's Failure to Obey Court Order to Answer Contention Interrogatories

Defendant served plaintiff with several contention interrogatories, seeking all facts and all documents on which he bases his contentions in this litigation. Plaintiff responded only with boilerplate objections and a brief retort stating that all of his federal lawsuits had been consolidated into one action. In granting defendant's motion to compel, the court stated:

> defendant is entitled to ascertain plaintiff's contentions in each of his five actions, as well as all facts which plaintiff says support them. Under Fed. R. Civ. P. 33, plaintiff is obliged to answer each interrogatory "separately and fully in writing under oath . . ." and to "furnish such information as is available to [him]." *See* FED.R.CIV.P. 33(a), (b)(1).

(*See* Docket No. 257 at 2:3-6). Indeed, at the hearing on defendant's motion to compel, the court specifically advised plaintiff that (a) the fact that his cases have been consolidated did not excuse him from answering defendant's interrogatories; (b) when defendant asks for all facts and documents supporting his contentions, it means all facts and all documents from all cases; (c) defendant is entitled to know before trial what facts there are to support his claims; and (d) plaintiff needed to identify all facts he believes will show that he is correct. At the end of this colloquy, Gardias remarked that there are a lot of facts and that it would take him a long time to list. As noted above, the court granted his subsequent request for a two-week extension of time to serve his interrogatory answers. (*See* Docket No. 278).

The court fully expected that, based on the guidance given, plaintiff would answer defendant's interrogatories as instructed. He simply did not do it. Plaintiff evidently produced documents in his possession, but then merely responded to each contention interrogatory by (a) stating that he was relying on (unspecified) documents, spanning some five years, in defendant's possession and (b) indicating that he would respond only after defendant provided him with a list of all documents it planned to use for its defense:

> I base my contention on facts and documents since 2002 till now which are known to you and are in your possession. If you send to me **the list** of all your

3

documents, which you may use to support your defense, identified by subject, date, name of person who made them and other notes if necessary, I will be able to check your list of documents with documents in my possession and decide more accurate which fact and document should I use as base of this contention. Presently I am sending to you all documents in my possession as per court order.

(*See* Cain-Simon Decl., Ex. 2).

Plaintiff now says that he cannot possibly identify any facts which support his claims because defendant did not give him a list of all documents to be used in its defense. However, in seeking to ascertain the bases for plaintiff's contentions, it is not defendant's burden to say how it will defend itself.

Additionally, at the motion hearing, plaintiff complained that the contention interrogatories are improper because he believes that he discussed the information during his May 16, 2007 deposition. He also complained that it was not fair for defendant to request that he identify "all facts" supporting his claims because there may be facts of which he is unaware or which he cannot remember. The court has been over this ground with plaintiff before. A defendant is entitled to know what facts he believes support his claims, and plaintiff is obliged to answer defendant's questions to the best of his ability based on information known to him. A defendant may explore the bases for plaintiff's contentions through any number of available discovery tools, including deposition, written interrogatories, or both. With respect to the interrogatories in question, plaintiff cannot shift the burden to defendant to specify the grounds for its defense. Instead, plaintiff must put down on paper all facts that he believes support his claims.

The court does not find that plaintiff's failure to comply with its prior order was substantially justified. Nevertheless, at this time, it declines to grant defendant's request for terminating or evidentiary sanctions. Instead, as set out below, it will order plaintiff, once again, to answer defendant's interrogatories as instructed.

**B.      Plaintiff's Failure to Appear at Deposition**

On August 21, 2007, defendant sent plaintiff a notice (by overnight delivery) setting his deposition for August 27-28, 2007 at San Jose State University. (*See* Cain-Simon Decl., Ex. 3).

4

The record indicates that, as per this court's August 8, 2007 order, the documents were delivered to plaintiff's home three days before the noticed deposition. (*See* Cain-Simon Reply Decl., Ex. Q). The deposition notice might initially have been delivered to the wrong address (i.e., the outside envelope apparently was addressed to 71 Floyd Street, instead of 72 Floyd Street where plaintiff lives). (*See* Docket No. 279). Nevertheless, at oral argument, plaintiff acknowledged that, sometime before August 24, 2007, he received the deposition notice and knew that the deposition was set to begin on August 27, 2007. He failed to appear on the appointed day and time. Defendant represents to the court that, after waiting for about an hour, defense counsel had University personnel contact plaintiff at home. (*See* Mot. at pp. 2-3). Plaintiff reportedly confirmed that he was not ill or otherwise unable to appear, but simply would not show up for his deposition as noticed. (*See id*.).

Plaintiff argues that no sanctions are warranted because defendant (a) failed to meet-and-confer with him about deposition dates before issuing a deposition notice; and (b) did not send him documents to be used in the deposition three days in advance as ordered. He also contends that defense counsel invaded his privacy when she had University staff contact him to see if he would show up or whether he was too ill to appear.

Preliminarily, the court notes that the Civil Local Rules do require parties to meet-and-confer about dates before a deposition notice is issued. *See* CIV. L.R. 30-1 ("For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party."). That was not done here. At the same time, however, the record suggests that, throughout the course of this litigation (and a related state court lawsuit), plaintiff has not reasonably cooperated with defendant's repeated efforts over the past two years to depose him. (*See* Cain-Simon Reply Decl., Exs. G, J, K; *see also* Exs. A-E). It is true that this action was stayed for a time during plaintiff's extended illness. However, defendant apparently made efforts, both before and after the stay, to depose plaintiff; and, plaintiff evidently refused to reasonably discuss it with defense counsel. (*See id.*, Exs. G, J, K).

5

1    Plaintiff argues that, contrary to this court's August 8, 2007 order, defendant did not
2 deliver copies of documents expected to be the subject of examination until the day before his
3 deposition. The court does not find this assertion to be credible. As discussed above, the record
4 indicates that the documents were delivered to plaintiff's home at 7:28 a.m. on Friday, August
5 24, 2007, three days before his deposition was to resume. (*See* Cain-Simon Reply Decl., Ex.
6 Q). Plaintiff has presented no evidence to the contrary. He says only that he did not see the
7 documents until his daughter handed them to him on Sunday; however, when probed by the
8 court at the motion hearing, he could not say whether the documents were delivered to his home
9 on Sunday, or whether he simply did not see them until that day. (Defendant's delivery receipt
10 indicates that they were left under plaintiff's doormat). At any rate, the fact that plaintiff may
11 not have seen the documents until Sunday, did not excuse his appearance for deposition the next
12 day.
13    More to the point, plaintiff did not make a reasonable effort to contact defense counsel
14 before his deposition to (a) advise that he would not appear, (b) discuss his concerns about the
15 noticed dates, or (c) discuss rescheduling. Instead, he simply refused to appear unless the
16 deposition was held on his terms and conditions. Indeed, on August 24, 2007, rather than
17 attempting to discuss his concerns with defense counsel, plaintiff came straight to the court and
18 filed a motion seeking an order directing that his deposition proceed in small increments (i.e., a
19 maximum of 2 hours daily, with a minimum 2-day interval between deposition sessions). In
20 that motion, he stated that he had no intention of appearing at his August 27-28, 2007
21 deposition. However, the motion itself apparently was served on defense counsel only by mail
22 that day. Defense counsel received electronic notice from the court's ECF system that a motion
23 concerning the deposition had been filed, but the precise contents of that motion were not
24 electronically accessible. (*See* Docket No. 279). Defense counsel emailed plaintiff later that
25 afternoon to confirm that he would appear at his deposition starting August 27, 2007. Plaintiff
26 claims that he did not check his email until Sunday afternoon, at which time he sent a fax to
27 defense counsel's office (a) asking to know who informed her that his August 24, 2007 motion
28 had been filed; (b) complaining that he had very little time to review the deposition documents

6

she sent; and (c) expressing concern that his August 27, 2007 deposition was going to be conducted in bad faith.[2] (*See* Cain-Simon Decl., Ex. 4). Nowhere in that fax did plaintiff advise that he would not appear. (*See id*.).

Sanctions for failure to appear at a deposition may be imposed even absent a prior court order. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (repeated cancellations at the last minute constitute a failure to appear). Moreover, there is no need to find that the failure to attend was "willful." *See Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished.").

Having carefully considered the record presented, this court finds that plaintiff's failure to appear at his deposition was not substantially justified. Here, there is no indication that plaintiff was unavailable or that circumstances beyond his control precluded his appearance. Instead, as discussed above, the record indicates that he simply, and unilaterally, decided that he would not show up. Moreover, the court finds nothing wrong with defense counsel's efforts to contact plaintiff to determine whether or not he would appear for examination.

Nevertheless, the court declines to grant defendant's request for terminating or evidentiary sanctions. The court's August 8, 2007 order did not direct plaintiff to appear for deposition on a specific date or time. Although defendant has already filed a motion for summary judgment, defendant has indicated that it did so primarily to avoid running afoul of this court's scheduling order. At the motion hearing, defense counsel stated that, if terminating or evidentiary sanctions will not be issued, then defendant needs to complete plaintiff's deposition in order to properly prepare for trial.

Accordingly, as set out more fully below, this court will re-open fact discovery <u>solely</u> for the purpose of permitting defendant an opportunity, if it wishes, to complete plaintiff's deposition (i.e., for up to fourteen additional hours as previously ordered). The court

---

[2]   In this action, and with increasing intensity of late, plaintiff has resorted to litigating this matter by leveling personal attacks against defense counsel and defendant's employees – accusing them of being liars, committing fraud on the court, and in at least one instance, suggesting that his disagreements with them stem from the possibility that defense counsel and others at San Jose State University might be Jews. (*See, e.g.,* Docket No. 185). <u>Plaintiff is cautioned to stop his ad hominem attacks</u>.

7

1  emphasizes that discovery is otherwise closed, and no other or further discovery will be
2  permitted at this time.  In the meantime, briefing on defendant's summary judgment motion will
3  be suspended, and the hearing on that motion will be vacated – as will the current dates for the
4  final pretrial conference and trial.

5  Plaintiff requests that his deposition be limited to a maximum of 2 hours daily, with a
6  minimum 2-day interval between deposition sessions.  The submitted note from Dr. Spiro, who
7  apparently is not plaintiff's health care provider, indicates that plaintiff specifically asked that
8  the letter be written to request that his deposition be limited to 2 hours per day.  Moreover, the
9  letter provides only equivocal support for plaintiff's requested deposition limits.  Dr. Spiro
10 acknowledges that plaintiff reported a history of hyperventilation and a prior anxiety attack.
11 She also notes that he is seeing several specialists, including a cardiologist and a hematologist.
12 However, she adds that she did not have his medical records available for review and
13 concludes:

> It seems that stress etc can trigger anxieties but for evaluation of
> anxieties disorder he should see psychiatrist as was suggested to him.
> By history it seems that court sessions are stressful to him and so it
> seems reasonable to grant him short court appearances, however as I
> stated this condition should be evaluated by a specialist.

17 (Attachment to plaintiff's August 24, 2007 motion, Docket No. 279).  Plaintiff's request for the
18 specified deposition limits is denied.  His deposition shall proceed as set out below.

19 Finally, the court notes, that, although he is representing himself, plaintiff is responsible
20 for diligently prosecuting his case and for adhering to rules that all litigants are required to
21 follow.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants
22 must follow the same procedural rules as represented parties).  While the court generally prefers
23 to resolve matters on the merits, it takes a very dim view of the repeated failure to comply with
24 its rules and orders.  Moreover, fairness dictates that there be reasonable limits to the number of
25 procedural failings that can be countenanced by the court.  <u>Although the court has determined
26 that no terminating sanctions should issue at this time, plaintiff is advised that, if he continues to
27 flout this court's orders, he runs the risk and will be in danger of having his lawsuits dismissed</u>.
28

## IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1.  No later than **November 19, 2007**, plaintiff shall serve his answers to defendant's contention interrogatories.  This should be ample time, considering that plaintiff has now had several months to provide this discovery.  As discussed above, plaintiff must answer defendant's questions to the best of his ability based on information known to him.  Plaintiff cannot shift the burden to defendant to specify the grounds for its defense.  Instead, plaintiff must put down on paper all facts that he believes support his claims.  <u>Plaintiff is warned that failure to comply with this court's orders without substantial justification will be considered grounds for dismissal of his lawsuit.</u>

2.  Fact discovery is re-opened for the sole purpose of allowing defendant, if it wishes, to complete plaintiff's deposition in accordance with this court's August 8, 2007 order as follows:

   a.  All conditions set out in this court's August 8, 2007 order concerning the deposition remain in effect.

   b.  The deposition shall be scheduled after plaintiff has served his interrogatory answers and shall be completed by **January 18, 2008**.

   c.  The deposition shall proceed day-to-day until complete, with a maximum of five hours of examination per day as follows: (i) 2.5 hours of examination in the morning; (ii) 2 hours for lunch break; and (iii) 2.5 hours of examination in the afternoon.  Breaks taken during the deposition shall not count against the time limit for examination.

   d.  Defendant shall give plaintiff at least 15 days written notice of the deposition date.  Plaintiff is directed to cooperate with defense counsel in the scheduling of his deposition.

   e.  <u>Plaintiff is warned that failure to appear for his duly noticed deposition without substantial justification will be considered grounds for dismissal of his lawsuit.</u>

3. Defendant's motion for terminating or evidentiary sanctions is denied. However, the court will entertain a request by defendant for reimbursement of all unnecessary expenses incurred as a direct result of plaintiff's failure to appear at his deposition as follows:

    a. Defendant's request, if any, shall be filed by **November 2, 2007** and shall itemize with particularity the otherwise unnecessary expenses incurred.

    b. If he wishes, plaintiff may file a response. The response shall be filed no later than **November 9, 2007**.

    c. The court will rule on defendant's request for expenses on the papers without further oral argument.

4. The December 4, 2007 hearing on defendant's summary judgment motion is vacated. Briefing on that motion is temporarily suspended, and all previously set briefing deadlines are vacated.

5. The February 5, 2008 pretrial conference and February 11, 2008 trial dates are vacated.

6. Instead, the parties shall appear for a further status conference on **February 5, 2008, 1:30 p.m.** At that time, they shall be prepared to discuss re-setting dates for briefing and hearing on defendant's summary judgment motion and dates for the final pretrial conference and trial.

IT IS SO ORDERED.

Dated: October 22, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**A copy of this document will be mailed to**:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110

    Plaintiff (Pro Se)

**Notice has been electronically mailed to**:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

Fiel D. Tigno fiel.tigno@doj.ca.gov