**\*ORDER E-FILED 2/7/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS, | No. C04-04086 HRL |
| Plaintiff, | <u>Consolidated With</u>:    C04-04768 HRL<br>C05-01242 HRL |
| v. | C05-01833 HRL<br>C06-04695 HRL |
| SAN JOSE STATE UNIVERSITY, | **ORDER FOLLOWING STATUS<br>CONFERENCE** |
| Defendant. | **[Docket Nos. 311, 312, 317]** |

_____/

On February 5, 2008, the parties appeared for a further status conference. Based on the

discussion at that conference, the court orders as follows:

1.     For reasons stated in an order being filed concurrently with this one, plaintiff's

motion to consolidate Case No. C07-06242HRL with the instant action is denied.

2.     Plaintiff's motion for leave to file a motion to compel discovery (Docket #311) is

denied. This request (and the discovery which it concerns) are untimely, and plaintiff has not

shown good cause to excuse his tardiness.

3.     Plaintiff's request for an order compelling defendant to pay for his copy of the

transcripts of his January 14-16, 2008 deposition (Docket #317) is denied. The deadline for

plaintiff to review and correct his January 2008 deposition transcript is **March 11, 2008**.

1        4.    <u>Briefing and Hearing Schedule for Defendant's Summary Judgment Motion</u>

2        Plaintiff previously requested an extension (to December 15, 2007) to prepare his

3    opposition to defendant's summary judgment motion. That request (Docket #312) is denied as

4    moot. The previously noticed hearing date was vacated (and briefing was suspended) in order

5    to allow time for defendant to complete plaintiff's deposition; and, defendant now advises that it

6    intends to re-notice and supplement its original motion. As discussed at the February 5, 2008

7    status conference, defendant's original motion (which was filed on September 25, 2007), will be

8    terminated. **<u>The hearing and briefing on defendant's new motion for summary judgment</u>**

9    **<u>shall proceed as follows</u>**:

10        •    Deadline for defendant to file its motion for summary
      judgment:    **March 11, 2008**

11

12        •    Deadline for plaintiff to file his opposition to
      defendant's motion for summary judgment:    **April 15, 2008**

13        Plaintiff is reminded that he shall **not** file his opposition papers in piecemeal
      fashion. Instead, he must file and serve **all** of his opposition papers (including

14    any witness declarations, his own declaration, and any other documents he
      chooses to submit in support of his opposition) **at one time by the April 15,**

15    **2008 deadline**.

16        •    Deadline for defendant's reply:    **April 29, 2008**

17        •    Hearing on defendant's summary judgment motion:    **May 13, 2008**
      **10:00 a.m.**

18

19        Although the court has previously informed plaintiff as to summary judgment

20    proceedings (*see* Docket #307), **<u>he is again reminded</u>**: Defendant will file a motion for

21    summary judgment by which it will seek to have your case dismissed. A motion for summary

22    judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

23    Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

24    Generally, summary judgment must be granted when there is no genuine issue of material fact –

25    that is, if there is no real dispute about any fact that would affect the result of your case, the

26    party who asked for summary judgment is entitled to judgment as a matter of law, which will

27    end your case. When a party you are suing makes a motion for summary judgment that is

28    properly supported by declarations (or other sworn testimony), you cannot simply rely on what

1 your complaint says. Instead, you must set out specific facts in declarations, depositions,

2 answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

3 contradict the facts shown in the defendant's declarations and documents and show that there is

4 a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

5 summary judgment, if appropriate may be entered against you. If summary judgment is

6 granted, your case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d

7 952 (9th Cir. 1998).

8      5.     <u>Final Pretrial Conference and Trial Dates</u>

9     Assuming that this action proceeds beyond the summary judgment phase, the final

10 pretrial conference and trial are re-set as follows:

11     •     Final Pretrial Conference:     **July 22, 2008, 1:30 p.m.**

12     •     Bench Trial (estimated 5 days):     **July 28, 2008**

13 The parties are reminded that the undersigned's standing orders require certain papers to be filed

14 *before* the final pretrial conference. Copies of all of this court's standing orders are available

15 from the clerk of the court, or on the court's website (www.cand.uscourts.gov).

16     IT IS SO ORDERED.

17 Dated:     February 7, 2008

18         HOWARD R. LLOYD
        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

3

1  **A copy of this document will be mailed to**:

2  Piotr J. Gardias
   72 Floyd Street
3  San Jose, CA 95110

4          Plaintiff (Pro Se)

5

6  **Notice has been electronically mailed to**:

7  Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

8  Fiel D. Tigno fiel.tigno@doj.ca.gov

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4